A CERTIFIED TRUE COPY
ATTEST
By Tanisha Spinner on Jun 09, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 09, 2008**

FILED
CLERK'S OFFICE

IN RE: ALFUZOSIN HYDROCHLORIDE
PATENT LITIGATION

MDL No. 1941

**TRANSFER ORDER**

    **Before the entire Panel**[*]: Plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC (collectively sanofi) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware. This litigation currently consists of four actions, three actions in the District of Delaware and one action in the Southern District of Florida, as listed on Schedule A.[1]

    Actavis South Atlantic LLC and Par Pharmaceutical, Inc., which are defendants in one of the Delaware actions, support the motion. Barr Laboratories, Inc. (Barr), which is a defendant in another of the Delaware actions, does not object to centralization, but expresses concern that it might exacerbate an alleged existing conflict of interest for Kirkland & Ellis, which is one of the firms representing sanofi in three of the four actions. Barr states that it is reserving the right to move to disqualify that firm from participation in any centralized proceedings. Apotex Inc. and Apotex Corp. (collectively Apotex), which are defendants in one of the Delaware actions and the Southern District of Florida action, oppose centralization. If the Panel orders centralization over Apotex's objections, it asks the Panel to select the Southern District of Florida as transferee district.

    On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All four actions involve common factual allegations with respect to U.S. Patent Nos. 4,661,491 (the '491 patent) and 6,149,940 (the '940 patent), which are both listed in the Food and Drug Administration's register of pharmaceutical patents for sanofi's Uroxatral drug. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

    In opposition to centralization, Apotex expresses a concern that it will engender delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced.

---

    [*]    Judge Vratil took no part in the disposition of this matter.

    [1]    The Panel has been notified of one additional related action, which is pending in the District of Delaware. That action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

Centralization under Section 1407 will have the salutary effect of assigning the present actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. *See In re Brimonidine Patent Litigation*, 507 F.Supp.2d 1381, 1382 (J.P.M.L. 2007). Indeed, actions involving the validity of complex pharmaceutical patents and the entry of generic versions of the patentholder's drugs are particularly well-suited for transfer under Section 1407. *See, e.g., In re Metoprolol Succinate Patent Litigation,* 329 F.Supp.2d 1368 (J.P.M.L. 2004) (ordering transfer under Section 1407 of two actions in which the patentholder alleged infringement of two complex pharmaceutical patents).

We are persuaded that the District of Delaware is an appropriate transferee district for pretrial proceedings in this litigation. Three of the four actions (including the first-filed action) were brought in that district, and all parties are already litigating there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of Delaware is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil[*] |
| David R. Hansen | Anthony J. Scirica |

**IN RE: ALFUZOSIN HYDROCHLORIDE**
**PATENT LITIGATION**                              MDL No. 1941

## SCHEDULE A

    District of Delaware

sanofi-aventis, et al. v. Actavis South Atlantic, LLC, et al., C.A. No. 1:07-572
sanofi-aventis, et al. v. Barr Laboratories, Inc., C.A. No. 1:07-574
sanofi-aventis, et al. v. Apotex, Inc., et al., C.A. No. 1:07-792

    Southern District of Florida

sanofi-aventis, et al. v. Apotex, Inc., et al., C.A. No. 0:07-61800